IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EVELYN VAUGHN, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:11-CV-4026-RWS
THE STATE OF GEORGIA, et al., :
:
    Defendants. :
:

## **ORDER**

This case comes before the Court on Defendants' Motion to Dismiss [4], Defendants' Motion for Judgment on the Pleadings and Motion to Dismiss ("Motion to Dismiss") [6], and Plaintiff's Motion for Joinder of Parties ("Motion for Joinder") [22]. After a review of the record, the Court enters the following Order.

## **Background**

In Fall 2009 and Spring 2010, Plaintiff Evelyn Vaughn was a student in two of Defendant Richard Dix's ("Dix") classes at Georgia State University ("GSU"). Compl., Dkt. [1-1] ¶¶ 9-10. On August 2, 2010, Dix filed charges with the GSU Police Department, alleging that Plaintiff was threatening or

harassing him. Id. ¶¶ 12-13. GSU's Office of the Dean of Students subsequently filed misconduct charges against Plaintiff. Id. In September 2010, Dix dropped the charges without an investigation. Id. ¶¶ 15-16.

Subsequently, Plaintiff alleges that she complained about Dix's statements to several GSU officials who either referred her to other university officials or informed her that they could not assist her. Am. to Pl.'s Compl. for Defamation ("Am. Compl."), Dkt. [3] ¶¶ 13-25. GSU did not institute proceedings against Dix. Id. In April 2011, GSU expunged the charges from Plaintiff's record. Compl., Dkt. [1-1] ¶ 17.

On July 14, 2011, Plaintiff filed this action for "libel," "slander," and "defamation" in the Superior Court of DeKalb County, Georgia, against the State of Georgia, the Board of Regents of the University System of Georgia ("BOR"), GSU (collectively the "Institutional Defendants"), and Dix in his official and individual capacities. Id. ¶¶ 1-4, 18. On August 2, 2011, Defendants filed a Special Appearance Answer. Dkt. [2] at 1. On October 25, 2011, Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction under the Georgia Tort Claims Act ("GTCA"). Defs.' Mot. to Dismiss, Dkt. [4] at 1. The same day, Plaintiff amended her complaint, adding claims under 42 U.S.C. § 1983 and alleging violations of her federal due

process rights and "right to privacy." Am. Compl., Dkt. [3] ¶¶ 8-28.[1]

Defendants timely removed the action to this Court on November 22, 2011.

Notice of Removal, Dkt. [1] at 1.

Defendants now move to dismiss the Amended Complaint [3] on grounds that Plaintiff's claims against the Institutional Defendants and Dix in his official capacity are barred by the Eleventh Amendment. Mot. to Dismiss ("Defs.' Mem."), Dkt. [6-1] at 4. Defendants further move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure and to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6). Defs.' Mem., Dkt. [6-1] at 19-29.

## Discussion

### I.     Defendants' Motion to Dismiss [6][2]

---

[1] Because Defendants' state-court Motion to Dismiss [4] addresses Plaintiff's initial Complaint [1], that motion is **MOOT** following Plaintiff's amendment [3].

[2] Defendants cite Federal Rule 12(c) as the proper legal standard likely because Plaintiff incorporated by reference her initial, answered Complaint [1] in her Amended Complaint [3]. However, because Defendants have yet to file an answer to the Amended Complaint [3], the pleadings are not closed. The Court will therefore consider Defendants' Motion to Dismiss [6] under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. However, the distinction is of no consequence as the Rule 12(b)(6) standard applies to a Rule 12(c) motion. See Roma Outdoor Creations, Inc. v. City of Cumming, Ga., 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008) (noting that a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim)

3

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). The court must also draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires factual allegations to "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it

4

simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

### A. Plaintiff's Damages Claims Against the Institutional Defendants and Dix in his Official Capacity

Plaintiff has asserted the following claims under 42 U.S.C. § 1983: (1) reputational liberty deprivation in violation of her due process rights; (2) denial of due process under GSU's Faculty Personnel Polices and Policy and Procedure for Student Complaints; (3) denial of due process because GSU did not institute proceedings against Dix; and (4) an invasion of privacy. See generally Am. Compl., Dkt. [3]. Defendants assert that the Institutional Defendants and Dix in his official capacity are immune from suit under the Eleventh Amendment. Defs.' Mem., Dkt. [6-1] at 4-7.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Eleventh Amendment immunity extends to state agencies and departments, Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984), as well as any state official sued in his official capacity. Brandon v.

5

Holt, 469 U.S. 464, 472-73 (1985); Jackson v. Ga. Dept. of Transp., 16 F.3d 1573, 1577 (11th Cir. 1994).  Thus, neither a state nor its agencies, departments, or officials are subject to suit unless: (1) the State unequivocally consents to suit or (2) Congress has clearly expressed intent to abrogate a State's Eleventh Amendment immunity with respect to rights protected by the Fourteenth Amendment.  Pennhurst, 465 U.S. at 99.

The Eleventh Amendment protects a state from liability for money damages and from being subject to suit in federal court.  If a state removes a case to federal court, it waives its jurisdictional immunity from suit in the federal forum.  Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 619-21 (2002).  However, removal does not waive a state's right to assert sovereign immunity as a defense to damages claims.  See Meyers ex rel. Benzing v. Texas, 454 F.3d 503, 504 (5th Cir. 2006); Massalon v. Bd. of Regents of the Univ. Sys. of Ga., No. 02-14657, slip op. at 31-32 (11th Cir. Nov. 25, 2003).

Here, Defendants have waived their Eleventh Amendment jurisdictional immunity by removing the case to this Court.  However, without an express waiver of sovereign immunity by the Georgia General Assembly or Congress,

6

Defendants retain the right to assert sovereign immunity as a defense to Plaintiff's damages claims.

Georgia has expressly reserved its sovereign immunity in article 1, section 2, paragraph IX of the Georgia Constitution, which provides that "[n]o waiver of sovereign immunity shall be construed as a waiver of any immunity provided to the state or its departments and agencies by the United States Constitution."  Thus, Georgia has preserved its sovereign immunity from tort liability unless explicitly waived by the General Assembly.  Romano v. Ga. Dept. of Corr. et al., 693 S.E.2d 521, 524 (Ga. Ct. App. 2010) (quoting Southerland et al. v. Ga. Dept. of Corr., 666 S.E.2d 383, 384 (Ga. Ct. App. 2008)) ("Pursuant to our state constitution, sovereign immunity insulates the state and its departments and agencies from liability except to the extent that the legislature enacts a specific waiver.").

Plaintiff concedes that the Georgia Tort Claims Act ("GTCA"), an express, limited waiver of sovereign immunity, does not allow Plaintiff to maintain her claims against Georgia or its agencies and officials.  Pl.'s Res. to Defs.' Mot. to Dismiss ("Pl.'s Res."), Dkt. [19] at 5-6; see O.C.G.A. § 50-21-25..  The Court has not found, nor has the Plaintiff brought to the Court's attention, any General Assembly enactments or state constitutional provisions

7

that waive Georgia's sovereign immunity with respect to Plaintiff's claims. Furthermore, Congress has not expressed intent to abrogate any state's Eleventh Amendment immunity with respect to Section 1983 claims. Edelman v. Jordan, 415 U.S. 651, 676-77 (1974); Schopler v. Bliss, 903 F.2d 1373, 1379 n.4 (11th Cir. 1990).

Though Georgia has waived its immunity from suit in a federal forum, the Court finds that it has not waived its right to assert Eleventh Amendment sovereign immunity as a defense to Plaintiff's claims. Accordingly, Plaintiff's damages claims against the Institutional Defendants and Defendant Dix in his official capacity are barred by the Eleventh Amendment and are hereby **DISMISSED**.[3]

### B.    Plaintiff's Claim for Injunctive Relief Against Defendant GSU

Defendants next move to dismiss Plaintiff's claim for injunctive relief

---

[3] The Court also notes that it is well settled that Section 1983 does not authorize suits against states because states are not "persons" within the meaning of the statute. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997) ("We have held, however, that § 1983 actions do not lie against a State."); Howlett v. Rose, 496 U.S. 356, 376 (1990) ("Since this Court has construed the word 'person' in § 1983 to exclude States, neither a federal court nor a state court may entertain a § 1983 action against such a defendant."). The BOR is also entitled to dismissal on this alternative ground. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989) ("Obviously, state officials literally are persons . . . [b]ut a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

against GSU on grounds that GSU is not a legal entity capable of being sued. Defs.' Mem., Dkt. [6-1] at 5 n.4.  Plaintiff does not respond to this argument, and therefore, the motion is deemed unopposed.  LR 1.7(B), NDGa.  As a result, all claims for injunctive relief against GSU are hereby **DISMISSED**.

### C.     Plaintiff's Due Process Claims

Plaintiff has alleged deprivation of her procedural and substantive due process rights. The Court considers each in turn.

#### i.    *Plaintiff's Substantive Due Process Claim*

##### a.    Plaintiff has failed to allege a recognized liberty or property interest violation.

Plaintiff alleges that Defendant Dix violated her "reputational liberty" interests by telling others that Plaintiff stalked and sexually harassed him.  Am. Compl., Dkt. [3] ¶¶ 8-29.  As a result, Plaintiff claims that she was "brought into great public scandal, infamy and disgrace, and [was] greatly humiliated personally and professionally, [and] suffered lost happiness and peace." Compl., Dkt. [1] ¶ 21.  Dix argues that Plaintiff has failed to demonstrate that his alleged statements violated a recognized liberty or property interest under the Fourteenth Amendment.  Defs.' Mem., Dkt. [6-1] at 25-26.

9

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived her of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). The Eleventh Circuit has held that "[a] tort claim, such as [a] defamation allegation . . . does not give rise to a § 1983 due process claim unless there is an additional constitutional injury alleged." Rehberg v. Paulk, 611 F.3d 828, 851 (11th Cir. 2010) (citing Cypress Ins. Co. v. Clark, 144 F.3d 1435, 1438 (11th Cir. 1998)); Behrens v. Regier, 422 F.3d 1255, 1259 (11th Cir. 2005) (citing Paul v. Davis, 424 U.S. 693, 701-02, 712 (1976)) ("The Supreme Court . . . has held that injury to reputation, by itself, does not constitute the deprivation of a liberty or property interest protected under the Fourteenth Amendment."). A plaintiff may only recover damages to reputation under Section 1983 "if those damages were incurred as a result of government action significantly altering the plaintiff's constitutionally recognized legal rights." Cypress, 144 F.3d at 1438. "This doctrine is known as the 'stigma-plus' test and requires the plaintiff to show both a valid defamation claim (the stigma) and 'the violation of some more tangible interest' (the plus)." Rehberg, 611 F.3d at 851 (internal citation omitted); Cypress, 144 F.3d at 1436-

10

37 ([A] plaintiff [must] show that the government official's conduct deprived the plaintiff of a previously recognized property or liberty interest in addition to damaging the plaintiff's reputation." ).

The Court agrees that Plaintiff has failed to demonstrate that Dix's alleged statements injured a previously recognized constitutional property or liberty interest under the Fourteenth Amendment. Plaintiff's conclusory statements that her reputation was damaged, by themselves, are insufficient to support a substantive due process claim. Accordingly, Plaintiff's claim is hereby **DISMISSED**.

> b.  Qualified Immunity

Defendant Dix also moves to dismiss Plaintiff's substantive due process claim on grounds that he is entitled to qualified immunity. Defs.' Mem., Dkt. [6-1] at 30. Specifically, Dix argues that Plaintiff has failed to demonstrate that his alleged actions violated clearly established law. Id. at 32-33. In an abundance of caution, the Court will determine whether Dix is entitled to qualified immunity even though the Court has already dismissed Plaintiff's substantive due process claim, supra.

To receive qualified immunity, the public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly

11

wrongful acts occurred." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir.2002) (internal quotation marks omitted). Dix, a university professor, acted within the scope of his discretionary authority by reporting alleged student misconduct to GSU officials. "Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." Id.

"The Supreme Court has set forth a two-part test for the qualified immunity analysis." Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002). First, a court asks "whether [the] plaintiff's allegations, if true, establish a constitutional violation." Saucier v. Katz, 533 U.S. 194, 201 (2001). Second, after sufficiently stating a constitutional violation, a court asks whether the violated right was "clearly established." Id. The Supreme Court has receded from the rigid two-part test articulated in Saucier and now encourages courts to "exercise their sound discretion in deciding which of the two prongs should be addressed first in light of circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009). Here, the Court will first determine whether the right to "reputational liberty" was clearly established at the time Dix made his alleged statements to GSU police and other members of the GSU faculty.

12

A right is clearly established if its contours are "sufficiently clear that a reasonable official would understand what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).  The salient question is whether the state of the law at the time of the alleged violation gave officials "fair warning" that their acts were unlawful.  Hope v. Pelzer, 536 U.S. 730, 740 (2002); Holmes v. Kucynda, 321 F.3d 1069, 1078 (11th Cir. 2003).

Qualified immunity may be defeated only by pointing to judicial decisions of the United States Supreme Court, the Eleventh Circuit, and the Georgia Supreme Court that clearly establish the state of the law.  Marsh v. Butler Cnty. Ala., 268 F.3d 1014, 1033 n.10 (11th Cir. 2001); Griffin Indus. Inc. v. Irvin, 496 F.3d 1189, 1200 n.6 (11th Cir. 2007).  Plaintiff has failed to direct the Court to any decisions by those courts that demonstrate a clearly established right to "reputational liberty."  Since Plaintiff has failed to demonstrate that Dix's alleged statements violated clearly established law, Dix is entitled to qualified immunity, which would also bar Plaintiff's due process claim.

### ii. *Plaintiff's Procedural Due Process Claim*

Plaintiff also alleges a Section 1983 procedural due process claim, asserting that Defendants' failure to institute proceedings against Defendant Dix

13

for his alleged statements violated her rights.  Am. Compl., Dkt. [3] ¶ 26.

However, because the Court finds that Plaintiff's failure to seek mandamus

precludes a procedural due process claim against any possible Defendant here,

Plaintiff's procedural due process claim is **DISMISSED**.  See McKinney v.

Pate, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc) ("[O]nly when the state

refuses to provide a process sufficient to remedy the procedural depravation

does a constitutional violation actionable under section 1983 arise."); Cotton v.

Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) ("Under Georgia law, when no

other specific legal remedy is available and a party has a clear legal right to

have a certain act performed, a party may seek mandamus.").

> D.  Plaintiff's State Law Claims Against Dix in his Individual Capacity

In the Complaint, Plaintiff asserted various state law claims for "Libel

and Slander," Dkt. [1-1] ¶ 18, but Plaintiff has conceded that her state law

claims against Defendant Dix individually are barred under the GTCA.  Pl.'s

Res., Dkt. [19] at 5-6; see O.C.G.A. § 50-21-25.  Instead, Plaintiff asserts that

the GTCA "violates the due process clause of the Fourteenth Amendment"

because it is a "blanket foreclosure of numerous tort actions against the state,

including those for defamation." Id. at 6-7.

14

As discussed in Part C, supra, the GTCA is an express, limited waiver of Geogia's sovereign immunity from suit, which is granted to it by the Eleventh Amendment and preserved by the Georgia Constitution. Plaintiff cannot argue that the GTCA restricts the due process rights of individuals when their right to sue the state would be extinguished by the United States Constitution itself in the absence of such an express waiver. Accordingly, Plaintiff's constitutional challenge to the GTCA and all claims arising from Georgia law are hereby **DISMISSED**.

## II.      Plaintiff's Motion for Joinder [22]

Plaintiff moves to join "the chancellor and members of the [BOR], and any and all officials at [GSU] with the authority to grant Plaintiff any or all of the relief she is seeking" under Rule 19 of the Federal Rules of Civil Procedure. Mot. for Joinder, Dkt. [22] at 3. Compulsory joinder under Rule 19 is a tool typically used by defendants to add necessary parties to a case. 4 Richard D. Freer, Moore's Federal Practice § 19.02 [4][d] (3d ed. 2011). Indeed, compulsory joinder overrides a plaintiff's chosen case structure. Id. at [2][c]. Because Plaintiff is attempting to add parties to her own complaint, the Court construes her motion as a motion for leave to amend under Rule 15, as that is the proper vehicle for Plaintiff's request.

15

Rule 15 provides that leave to amend "should be freely given when justice so requires." FED. R. CIV. P. 15(a). However, the decision to grant or deny a motion for leave to amend is within the clear discretion of the district court. Forman v. David, 371 U.S. 178, 186 (1962). Generally, reasons to deny a motion for leave to amend include, but are not limited to: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." Id.

Plaintiff seeks to add unnamed BOR members and GSU officials in their official capacity. As discussed in Part I, supra, official capacity suits are the same as suits against the state directly. Thus, even if the Court granted Plaintiff's motion, her official capacity claims against the additional defendants would be barred by the Eleventh Amendment. Therefore, Plaintiff's Motion for Joinder [22] is hereby **DENIED** as futile.

## Conclusion

Based on the foregoing, Defendants' Motion to Dismiss [4] is **MOOT**, Plaintiff's Motion for Joinder [22] is **DENIED**, Defendants' Motion to Dismiss

[6] is **GRANTED**, and Plaintiff's Amended Complaint [3] is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to close the case.

    **SO ORDERED**, this   27th   day of June, 2012.

                                          **RICHARD W. STORY**
                                          United States District Judge

AO 72A
(Rev.8/82)